**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50119 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00056-AG-1 |
| v. | |
| LINDA ROSE GAGNON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted September 3, 2015
Pasadena, California

Before: O'SCANNLAIN, TROTT, and BYBEE, Circuit Judges.

Because the facts and circumstances of this case are well known to the

parties, we repeat them here only as necessary to illuminate our decision.

Appellant Gagnon asserts that the district court had a sua sponte due process

obligation to authorize the payment of Criminal Justice Act funds so that Dr.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Sporty could be called as a witness in her defense. 18 U.S.C. § 3006A(e). Because Gagnon made no request for such funds, we review this issue for plain error.

The cases Gagnon cites to support her argument are not on point. Morever, Dr. Sporty's capacity testimony would not have been consistent with the picture of her stable mental competence and the nature of the "no fraud" defense developed during the trial. Also, because of questionable factual representations she made to Dr. Sporty, his testimony may well have damaged her case. Accordingly, Gagnon has failed to demonstrate that the absence of Dr. Sporty's testimony affected her substantial rights, and the district court did not err by declining to allot Criminal Justice Act funds on its own initiative.

Gagnon's claim of instructional error has no merit, for two reasons. First, counsel agreed to the disputed instruction, and, second, the instruction itself is not infirm. United States v. Treadwell, 593 F.3d 990, 994, 996-99 (9th Cir. 2010).

Given the nature of the transaction and Gagnon's relationship with the U.S. Province of the Religious of Jesus and Mary, Inc. ("RJM"), the district court's imposition of an abuse of trust sentencing adjustment under U.S.S.G. § 3B1.3 was appropriate. See United States v. Laurienti, 731 F.3d 967, 973-74 (9th Cir. 2013).

As to the court's order of restitution to RJM, we discern no error. The amount expended as part of the investigation and prosecution of Gagnon's crime

was reasonable and necessary.  18 U.S.C. § 3663A(b)(4); <u>United States v. Waknine</u>, 543 F.3d 546, 558-59 (9th Cir. 2008).

AFFIRMED